FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cramirez at 9:21 am, Jan 19, 2012

# In the United States Bankruptcy Court for the Southern District of Georgia

## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Chapter 7 Case |
| MICHAEL F. RYAN | ) | |
| | ) | Number 11-40712 |
| *Debtor* | ) | |
| | ) | |
| | ) | |
| | ) | |
| BENJAMIN R. ROACH, TRUSTEE | ) | |
| | ) | |
| *Movant* | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL F. RYAN | ) | |
| | ) | |
| *Respondent* | ) | |

## MEMORANDUM AND ORDER ON DEBTOR'S EXEMPTION CLAIM

### FINDINGS OF FACT

Debtor filed Chapter 7 bankruptcy on April 4, 2011. Debtor's original Schedule C - "Property Claimed as Exempt" claimed $2,000.00 of the cash surrender value in an AXA Advisors Whole Life Policy ("AXA Policy"), insuring his life, under O.C.G.A. § 44-13-100(a)(9) and an additional $2,524.05 of the cash surrender value in the AXA Policy under O.C.G.A. § 44-13-100(a)(6), which allows the debtor to capture up to $5,000.00 unused by the homestead exemption under O.C.G.A. § 44-13-100(a)(1). Schedule C, Dckt. No. 25 (Apr. 27, 2011). In this original Schedule C, Debtor made no claim of exemption for

the life insurance policies insuring the lives of his grandchildren. In his second Amendment to Schedule C, Debtor increased his claim of exempt property on the AXA Policy to the full cash surrender value of $44,978.51, citing O.C.G.A. § 33-25-11(c). Amended Schedule C, Dckt. No. 67 (Aug. 9, 2011). He also added a claim to exempt the entire cash surrender value, $123,664.30, of ten Northwestern Mutual Whole Life Insurance policies ("Northwestern Mutual Policies"), insuring the lives of several of his grandchildren. *Id.* The Chapter 7 Trustee objected to these amended exempt property claims. On October 4, 2011, the Court held a hearing to determine the validity of these exempt property claims.

At the hearing, Debtor argued that the full cash surrender value of both the AXA Policy and the Northwestern Mutual Policies are exempted from the bankruptcy estate by O.C.G.A. § 33-25-11(c), which provides in part

> [t]he cash surrender values of life insurance policies issued upon the lives of citizens or residents of this state, upon whatever form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured unless the insurance policy was assigned to or was effected for the benefit of such creditor or unless the purchase, sale, or transfer of the policy is made with the intent to defraud creditors.

Debtor asserted that the current facts are so similar to those in *In re* Fullwood, No. 07-41115 (Bankr. S.D. Ga. Mar. 17, 2010) (Davis, J.), that the Court should find that O.C.G.A. § 33-25-11 protects the full cash surrender value of the insurance policies from the bankruptcy

estate.

At the hearing, Debtor acquiesced that the Northwestern Mutual Policies insuring his grandchildren's lives cannot be exempted, even under O.C.G.A. § 33-25-11. A question remains as to the AXA Policy insuring Debtor's life and whether the statute and facts in this case are parallel to those in Fullwood, so as to lead to the same result.

## CONCLUSIONS OF LAW

Title 11 U.S.C. § 522 allows debtors to exempt certain property from the bankruptcy estate. Part (d) establishes the federal bankruptcy exemptions, but Congress permitted each state to opt out of the federal exemptions and to determine its own rules for what property may be exempted from the bankruptcy estate. In 1980 Georgia elected to opt out of the federal exemptions list and created its own bankruptcy exemption statute, O.C.G.A. § 51-1301.1, which has been amended overtime and is now codified at O.C.G.A. § 44-13-100. In Fullwood, I found that bankruptcy exemptions in Georgia were not limited exclusively to those provided by O.C.G.A. § 44-13-100. I held that O.C.G.A. § 34-9-84 was applicable in bankruptcy and exempted the debtor's Workers' Compensation recovery from the bankruptcy estate. Workers' Compensation is a unique topic that is not addressed by the Georgia Bankruptcy Exemptions statute, O.C.G.A. § 44-13-100, and Workers' Compensation awards were protected long before the Georgia bankruptcy exemptions were created in

1980.[1] The long statutory history of exempting Workers' Compensation awards led me to conclude in Fullwood that the Georgia legislature purposefully omitted Workers' Compensation awards from the Bankruptcy Exemption statute because it was already provided for by the Workers' Compensation statute, O.C.G.A. § 34-9-84.

In contrast the exempt status of the cash surrender value of life insurance policies is addressed and limited to $2,000.00 by O.C.G.A. § 44-13-100(a)(9). The Georgia insurance statute relied upon by Debtor's attorney was added to the Georgia Insurance Code in 2006; it does not share the same long history of the Workers' Compensation statute.

I find the current facts to more closely resemble those in *In re* Allen, 2010 WL 3958171 (Bankr. M.D. Ga. Oct. 4, 2010) (Smith, J.), and find Judge Smith's discussion and interpretation in that case to be informative. The debtor in Allen claimed that the payments from her annuity, created as part of a personal injury settlement, were exempt from her bankruptcy estate under another provision of the Georgia Insurance Code, O.C.G.A. § 33-28-7, although annuity payments are directly addressed by the Bankruptcy Exemption

---

[1] Georgia first enacted its Workers' Compensation statute in 1920. The very first iteration of Georgia's Workers' Compensation statute declared that 'no claim for compensation under this act shall be assignable, and all compensation and claims therefore shall be exempt from all claims of creditors.' 1920 Ga. Laws 167, § 22 (emphasis added). Georgia's opt out exemptions were clearly adopted within a framework in which Workers' Compensation claims are completely unreachable by all creditors. Had the Georgia General Assembly included Workers' Compensation awards in the 1980 bankruptcy exemption list, after sixty years of statutory exemption arising from a different law, it would have been redundant. The drafters of the legislation assuredly thought that 'exempt from all claims of creditors' was strong enough language to ensure that a debtor did not lose rights by declaring bankruptcy. *In re* Fullwood, 5.

Statute, O.C.G.A. § 44-13-100(a)(2)(E). Like Debtor, the debtor in Allen attempted to argue that O.C.G.A. § 33-28-7 should control because it was passed in 2006, subsequent to the last iteration of O.C.G.A. § 44-13-100.

In discussing Georgia Insurance Code section 33-28-7, Judge Smith noted the parallel issues stemming from Georgia Insurance Code section 33-25-11. Judge Smith found the order of the statutes passage irrelevant considering the narrow and specific nature of the Bankruptcy Exemption statute and the general nature of the Georgia Insurance Code. He held that reading O.C.G.A. §§ 44-13-100(a)(2)(E) and 33-28-7 in concert and giving meaning to each affirms the preeminence of the Bankruptcy Exemption Statute in bankruptcy cases; therefore, the debtor in Allen could only exempt the portion of the annuity allowed by O.C.G.A. § 44-13-100(a)(2)(E).

Much like the debtor's suggestion in Allen, Debtor's proposed reading of O.C.G.A. § 33-25-11, would eviscerate and make superfluous O.C.G.A. § 44-13-100(a)(9). I will not read the statute in this manner because it would offend the Georgia rules for statutory interpretation. The first presumption of statutory interpretation in Georgia is that "the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it." Nuci Phillips Mem'l. Found., Inc. v. Athens-Clarke Cnty. Bd. of Tax Assessors, 288 Ga. 380, 381, 703 S.E.2d 648, 649 (2010) (*citing* Chase v. State, 285 Ga. 693, 695(2), 681 S.E.2d 116 (2009)). Thus, we must assume the Georgia Legislature knew the bankruptcy statute addressed and limited the exemption of cash surrender value of

insurance policies from the bankruptcy estate and did not intend to alter that provision since it did not amend that portion of the statute or clearly overrule it.

Georgia's rules of statutory construction dictate that "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." Allen, 2010 WL 3958171, 3 (*quoting* Vines v. State, 269 Ga. 438, 440, 499 S.E.2d 630, 632 (1998)). Debtor argues that the insurance provision is more specific than the Bankruptcy Exemption statute; however, the Court disagrees. Section 44-13-100 was passed with the specific purpose of determining what property shall be eligible for exemption from the bankruptcy estate. Part (9) applies only to the cash surrender value of insurance policies and limits that exemption expressly to $2,000.00. Section 33-25-11, on the other hand, protects all cash surrender value of an insurance policy but only from certain creditor remedies; it does not attempt to characterize cash surrender value as "exempt." Without clear direction from the Georgia Legislature that it intended to do so, I will not read O.C.G.A. § 33-25-11 to effectively eliminate O.C.G.A. § 44-13-100(a)(9).

Contrary to Debtor's reasoning, the current facts are clearly distinguishable from those in Fullwood. Fullwood recognizes that Workers' Compensation benefits are "exempt," from all claims of creditors, which is a broader term than the insurance provision in question. This insurance provision more narrowly protects cash surrender value from "attachment, garnishment, and legal process," but does not purport to exempt it from all claims of creditors.

Section 44-13-100 did not need to address the exempt status of Workers' Compensation awards again because there was a broad exemption already in place. It did carve out the cash surrender values of life insurance policies, which were not already exempt, but placed a cap on them. In concluding that O.C.G.A. § 33-25-11(c) does not provide the debtor an exemption from the bankruptcy estate, I have carefully considered and reviewed my decision in Fullwood. I have discovered nothing that changes my perspective regarding the bankruptcy exemption created by the Workers' Compensation statute; therefore, I reaffirm the reasoning and holding of Fullwood.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Debtor's life insurance cash surrender value exemption is LIMITED to the $2,000.00 set by O.C.G.A. § 44-13-100(a)(9).

Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 17th day of January, 2012.